Filed 6/17/24  P. v. Molina CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Appellant,<br><br>v.<br><br>MARGARITO BELTRAN MOLINA,<br><br>  Defendant and Respondent. | 2d Crim. No. B328635<br>(Super. Ct. No. MA050835)<br>(Los Angeles County) |

Margarito Beltran Molina appeals an order denying his resentencing petition filed pursuant to Penal Code section 1170.95 (now renumbered as section 1172.6).[1]  We conclude that the trial court erred by denying the resentencing petition without holding an evidentiary hearing because Molina was eligible for relief.  The Attorney General concedes error.  We reverse and remand.

---

[1] All statutory references are to the Penal Code.

*FACTUAL AND PROCEDURAL HISTORY[2]*

In 2011, the Los Angeles County District Attorney charged Molina with attempted murder, conspiracy to commit murder, and drug and firearm crimes, among others. Molina sold heroin and methamphetamine from his Quartz Hill apartment. Russell Phillips frequently bought methamphetamine from Molina, and moved into Molina's apartment. Phillips soon began to sell drugs for Molina, but was unable to collect an $8,000 debt from a customer. On October 20, 2010, a man named "Luis" visited Molina and threatened Phillips regarding the $8,000 debt.

Phillips left Molina's apartment to live elsewhere. He soon desired methamphetamine and arranged a drug transaction with another dealer. After he entered the dealer's truck, another vehicle blocked the truck's path. "Luis" appeared with a gun, opened the truck door, and ordered Phillips to enter the other vehicle. Phillips fled into the neighborhood. As he ran, he heard gunfire and felt projectiles pass by his head.

The jury convicted Molina of 14 charged counts plus criminal street gang and firearm enhancements. The trial court sentenced him to 62 years to life. The court stayed sentence on the attempted murder count pursuant to section 654.

Molina appealed. We modified the judgment and remanded for resentencing. The judgment as modified, including the conviction for attempted murder, was otherwise affirmed. (*People v. Esparza et al.*, *supra*, B237321.)

---

[2] The factual summary is taken from the appeal in this prosecution and is provided for context. (*People v. Esparza et al.* (Sept. 10, 2013, B237321) [nonpub. opn.].) We grant the parties' requests that we take judicial notice of the jury instructions, closing arguments, and verdicts in the underlying trial.

On August 15, 2022, Molina filed a petition for resentencing pursuant to section 1172.6. He declared that he had been convicted of attempted murder pursuant to the natural and probable consequences doctrine. The trial court appointed counsel for Molina and the parties filed written argument. The court later denied the petition without holding an evidentiary hearing, reasoning that "[o]ne who aids and abets another [who] commits murder is thus liable for the murder under the new law."

Molina appeals and contends that the trial court erred by not issuing an order to show cause and holding an evidentiary hearing.

*DISCUSSION*

Molina argues that the trial court erred by concluding that he had not made a prima facie case for resentencing. He points out that the prosecutor proceeded on theories of aiding and abetting as well as natural and probable consequences, and that jury instructions were provided regarding each theory.

A person is entitled to resentencing relief pursuant to section 1172.6, subdivision (a)(1) if (1) "[a] complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, [or] murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine"; (2) the petitioner "was convicted of murder, [or] attempted murder" (*id.*, subd. (a)(2)); and (3) the petitioner "could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made

3

effective January 1, 2019" (*id.*, subd. (a)(3)).  In January 2019, our Legislature amended section 188 to provide that "in order to be convicted of murder, a principal in a crime shall act with malice aforethought" and that "[m]alice shall not be imputed to a person based solely on his . . . participation in a crime."  (§ 188, subd. (a)(3), as amended by Stats. 2018, ch. 1015, § 2.)  The amendment ensures that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, and was not a major participant in the underlying felony who acted with reckless indifference to human life.  (*People v. Lewis* (2021) 11 Cal.5th 952, 959.)

The trial court may consider the petitioner's record of conviction, including the court's own documents, in assessing whether a petitioner has made a prima facie case for relief pursuant to section 1172.6.  (*People v. Lewis*, *supra*, 11 Cal.5th 952, 971-972 [record of conviction includes jury summations, jury instructions, verdict forms, and prior appellate opinions].)  If the record contains facts refuting the allegations in the petition, the court may make a credibility determination adverse to the petitioner.  (*Id.* at p. 971.)  The court may not engage in factfinding involving the weighing of evidence, however, at the prima facie stage.  (*Id.* at p. 972.)  We independently review the summary denial of a resentencing petition pursuant to section 1172.6.  (*People v. Harden* (2022) 81 Cal.App.5th 45, 52; *People v. Coley* (2022) 77 Cal.App.5th 539, 545.)

Here the trial court instructed regarding the natural and probable consequences doctrine as a theory of liability for attempted murder, with the target offense identified as kidnapping to commit robbery.  (CALCRIM No. 402.)  Specifically, the instruction stated that if 1) Molina was guilty of

4

kidnapping for robbery; 2) a coparticipant in that kidnapping committed attempted murder; and 3) a reasonable person would have known that the attempted murder was a natural and probable consequence of the kidnapping, then Molina was liable for attempted murder.  (*Ibid.*)

At trial, the prosecutor argued theories of direct aiding and abetting as well as natural and probable consequences.  During summation, the prosecutor advised the jury to place the aiding and abetting instruction as well as the natural and probable consequences instruction "in the middle of the table" and "right in front."  The prosecutor continued:  "It's a natural and probable consequence if you give somebody a gun, and you go tell them to kidnap somebody and it's loaded that that person [is] going to start shooting."

Although the jury convicted Molina of conspiracy to commit murder, the necessary finding of intent to kill "does not, itself, conclusively establish that [Molina] is ineligible for [section 1172.6] relief."  (*People v. Curiel* (2023) 15 Cal.5th 433, 441, 468 [finding of intent to kill for gang murder special circumstance did not preclude section 1172.6 petition for murder conviction].)  A finding of intent to kill, "viewed in isolation," does not establish the elements of murder liability based upon theory of natural and probable consequences.  (*Ibid.* [regarding aider and abettor liability].)

Molina cites *People v. Medrano* (2021) 68 Cal.App.5th 177 in which we held that a jury's finding of guilt after it has been instructed on the elements of conspiracy to commit murder is tantamount to a finding defendant intended to kill.  *Medrano* was decided prior to the *Curiel* decision.  Here, unlike *Medrano*, who

5

had an evidentiary hearing, we agree with Molina that he is entitled to an evidentiary hearing.

## DISPOSITION

The order denying the resentencing petition is reversed and the matter is remanded to the trial court to issue an order to show cause and hold an evidentiary hearing pursuant to section 1172.6, subdivision (d).

<u>NOT TO BE PUBLISHED.</u>


GILBERT, P. J.

I concur:


CODY, J.

6

YEGAN, J., Dissenting:

I respectfully dissent. The majority opinion reverses for an evidentiary hearing on this attempted murder conviction and sentence. It relies upon *People v. Curiel* (2023) 15 Cal.5th 433. This is erroneous. We distinguished the *Curiel* opinion in *People v. Medrano* (2024) 98 Cal.App.5th 1254, 1267-1268, review den. Apr. 10, 2024). We should adhere to our own case law. Here, as in *Medrano*, appellant was convicted, by jury, of conspiracy to commit murder. This required the jury to factually find that appellant had the actual intent to commit murder. This finding of such an intent is binding on the trial court on a petition for resentencing. The trial court is not permitted to reweigh the evidence as to this finding and impose an ameliorated sentence.

<u>NOT TO BE PUBLISHED</u>.


YEGAN, J.

Lisa M. Strassner, Judge

Superior Court County of Los Angeles

_____

Robert E. Boyce, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Charles S. Lee and Michael C. Keller, Deputy Attorneys General, for Plaintiff and Respondent.